**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSE CANDELARIA,**

    **Plaintiff,**

v.                                                                       Case No. 8:14-cv-136-T-30TBM

**TOYS 'R' US - DELAWARE, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 10) and Defendant's Response in Opposition (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On December 9, 2013, Plaintiff filed the instant action in state court, alleging retaliation in violation of the Florida Civil Rights Act. Plaintiff seeks injunctive relief, back pay, front pay and/or reinstatement, damages related to Plaintiff's alleged emotional distress, punitive damages, and attorney's fees. Plaintiff does not attribute an amount to any of his damages, or allege any facts that would aid the Court in approximating Plaintiff's damages, other than to allege that his damages exceed $15,000.

On December 18, 2013, Defendant was served with the complaint. On January 21, 2014, Defendant removed the state-court action to this Court based on diversity jurisdiction. Defendant estimates that the amount in controversy exceeds the jurisdictional amount because Plaintiff appears to request lost wages for over four years, beginning on or about December 1, 2009, the date Plaintiff's employment ended. Applying Plaintiff's most recent yearly salary of $25,451.40, Defendant calculates approximately $101,805.60 in back pay damages.

Plaintiff seeks to remand this action. Plaintiff does not contest that the parties are diverse. Plaintiff argues that Defendant has not demonstrated that Plaintiff's damages exceed $75,000. Plaintiff's motion to remand attaches two declarations: one from Plaintiff's counsel and one from Plaintiff. According to Plaintiff's counsel, Steven G. Wenzel, prior to filing suit in this case, he made a settlement demand during a telephone conversation with Defendant's counsel that was less than half of the $75,000 threshold. According to Wenzel's calculations, Plaintiff's damages "have always been less than $75,000." (Dkt. 10-1).

Plaintiff's declaration states that he is seeking "less than $75,000 in damages." (Dkt. 10-2). Plaintiff also states that after his employment ended with Defendant in 2009, he worked for three different employers. Plaintiff's declaration includes his salary for these jobs and states that, in total, he has earned approximately $74,920 since leaving Defendant's employment.

As discussed below, the Court concludes that Defendant did not establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence

it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant has not met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. Plaintiff's motion to remand and the attached declarations provide concrete evidence that Plaintiff's damages do not exceed $75,000. Indeed, the record reflects that: (1) Plaintiff's counsel's pre-suit demand was less than half of $75,000; (2) Plaintiff's counsel's declaration states that Plaintiff's damages do not exceed $75,000; (3) Plaintiff's declaration states that Plaintiff's damages do not exceed $75,000; and (4) Plaintiff's declaration disputes Defendant's back pay calculation. Notably, Plaintiff's mitigation evidence shows that Plaintiff's back pay damages are approximately $27,000 ($101,805.60 - $74,920.00). Defendant's response to Plaintiff's motion to remand does not dispute this calculation.

Defendant's response largely argues that Plaintiff's evidence cannot be considered post-removal. Defendant is incorrect. The Court may consider evidence that a plaintiff

attaches to his motion to remand, especially if the evidence refutes a defendant's calculations. *See Allen v. Novaquest LLC*, No. 8:10-cv-1119-T-24EAJ, 2010 WL 2330330, at *1-*2 (M.D. Fla. June 9, 2010). This includes a plaintiff's evidence of mitigation efforts. *See id.* (granting plaintiff's motion to remand based on plaintiff's mitigation evidence that demonstrated that the amount in controversy was not met).[1]

Defendant's remaining arguments regarding Plaintiff's damages associated with emotional distress, punitive damages, and attorney's fees are too nebulous to meet Defendant's burden.

In sum, applying judicial experience and common sense, the Court concludes that Plaintiff's damages in this case do not exceed $75,000.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 10) is granted.

2. The Clerk of Court is directed to remand this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, and provide that court with a copy of this Order.

---

[1] Defendant is correct, however, that the Court cannot consider Plaintiff's amended complaint, filed post-removal, on the amount in controversy. *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (the amount in controversy is determined based on the complaint at the time of removal); *Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291-92 (11th Cir. 2000) (reversible error to remand based upon a post-removal amended complaint alleging a reduced amount in controversy).

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-136.grantmtremand.wpd